UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-21552-KMM

BELLA ZAHAVI,

Plaintiff,

vs.

PRINCESS CRUISE LINES, LTD.,

Defendant.
_______________________________________/

**DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

COMES NOW, Defendant's counsel, Jose J. Carmenate, pursuant to the Court's Paperless Order to Show Cause entered on November 13, 2026 [ECF No. 45] and respectfully submits this Response to the Court's Order to Show Cause, and states as follows:

1. On November 2, 2026, the Parties filed a Joint Motion to Modify Scheduling Order for the Limited Purpose of Completing the Vessel Inspection, Related Discovery, and Expert Disclosures. (ECF No. 42). Shortly thereafter, on November 3, 2026, this Honorable Court denied the motion. (ECF No. 43).

2. In denying the Motion, the court "identified its numerous deficiencies, and [generously] permitted the Parties to file a renewed motion satisfying five specific requirements." (ECF No. 45).

3. The Court identified five principal deficiencies requiring correction in any renewed motion. (ECF No. 43). First, the Motion contained an internal inconsistency concerning whether the requested relief would affect the dispositive-motion deadline, mediation, and trial period. *Id.* Second, the Motion was filed on the date the expert-disclosure deadline expired, notwithstanding the Court's prior admonition concerning last-minute requests to modify scheduling-order

deadlines. *Id*. Third, the Motion did not adequately address the Parties' diligence following the prior extension, including the efforts undertaken to schedule the vessel inspection and Defendant's corporate-representative deposition and whether Defendant had complied with its prior commitments concerning those matters. *Id*. Fourth, the Court found that the additional circumstances offered in support of the requested extension, including Defendant's medical expert's pre-planned vacation and the reassignment of the matter within defense counsel's firm, did not establish good cause. *Id*. Fifth, the Motion did not adequately address mediation and proposed a mediation deadline that was inconsistent with the Court's scheduling requirements. *Id*.

4. Following the Court's Order on November 3, Defendant's undersigned counsel reviewed each of the deficiencies identified by the Court and prepared a substantially revised renewed motion intended to address them. *See Renewed Proposed Motion to Continue Trial*, attached hereto as Exhibit "A."

5. In preparing the renewed motion, undersigned counsel endeavored to address the deficiencies identified in the Court's November 3 Order. Among other things, the revised motion acknowledged that Defendant had not provided proposed dates for the vessel inspection or the availability of its corporate representative by September 25, 2026; provided a chronology of the subsequent efforts undertaken to complete that discovery; identified November 24, 2026 as the agreed date for the vessel inspection; updated the dates for Plaintiff's continued deposition and the deposition of Plaintiff's husband; addressed the outstanding expert work and supplemental discovery; and provided an update concerning the Parties' efforts to schedule mediation. *See* Ex. A.

6. The revised motion also sought to correct outdated or inconsistent information contained in the original Motion. Specifically, it advised that Plaintiff's continued deposition,

previously scheduled for November 3, 2026, had been cancelled on November 2 and rescheduled for December 3, 2026; acknowledged that Defendant had not timely provided proposed dates for the vessel inspection or its corporate representative's availability; explained the efforts subsequently undertaken to complete those matters; and expressly requested that the trial be continued from the February 8, 2027 trial period to the May 10, 2027 trial period, or the next trial period convenient for the Court. *Id*.

7. Before filing the renewed motion, undersigned counsel provided the substantially revised draft to Plaintiff's counsel for his review and input. Plaintiff's counsel reviewed that draft and, on November 10, 2026, returned a redlined version containing substantive revisions and comments. *See Zahavi - Joint Mot. to Continue Trial - PL Redline 11-10-26*, attached hereto as Exhibit "B."

8. Plaintiff's counsel's revisions further addressed several of the matters identified by the Court. Among other things, Plaintiff's counsel revised the motion to expressly invoke Federal Rule of Civil Procedure 6(b)(1)(B) and address excusable neglect concerning Plaintiff's expired expert-disclosure deadline; revised the proposed pretrial dates to correspond with the requested May 10, 2027, trial period; added Plaintiff's counsel's signature to the joint filing; and identified additional corrections to the certification and filing information. *See* Ex. B.

9. Undersigned counsel thereafter incorporated Plaintiff's counsel's revisions and prepared the final version of the renewed motion that the Parties intended to file. *See Revised Renewed Joint Motion to Continue Trial*, attached hereto as Exhibit "C." That version was dated November 10, 2026, bore the signatures of counsel for both Parties, identified the Parties' conferrals on October 30, November 4, November 9, and November 10, 2026, invoked Rules

6(b)(1)(A), 6(b)(1)(B), and 16(b)(4), and requested revised pretrial deadlines corresponding with the requested May 10, 2027, trial period. *Id*.

10. Unfortunately, when preparing the renewed motion for filing on November 10, 2026, undersigned counsel inadvertently selected an earlier, superseded version of the motion rather than the final version the Parties had reviewed and intended to file. At that time, the correct final version was saved on undersigned counsel's computer and ready for filing. *See* Ex. C. The various drafts of the renewed motion bore similar file names, and, because of this, undersigned counsel mistakenly selected the superseded version, converted that version to PDF, and submitted it for filing. (ECF No. 44).

11. Consequently, the document filed at ECF No. 44 retained outdated statements and deficiencies that undersigned counsel had specifically undertaken to correct, including the representation that Plaintiff's continued deposition remained scheduled for November 3, 2026, the representation that the vessel inspection had not yet been scheduled, and language inconsistent with the requested modification of the dispositive-motion, mediation, and trial deadlines. The correct final version that undersigned counsel intended to convert to PDF and file is attached hereto as Exhibit "C."

12. The filing of ECF No. 44 rather than Exhibit C was inadvertent. As reflected by the exhibits attached, the undersigned counsel had prepared a substantially revised renewed motion in response to the Court's November 3 Order, provided that revised motion to Plaintiff's counsel for review and input, received Plaintiff's counsel's redline and comments, and incorporated those revisions into the final joint version intended for filing. Thus, although ECF No. 44 appeared to substantially repeat the original Motion, it did not reflect the renewed motion that the Parties had reviewed and intended to present to the Court.

13. The undersigned is cognizant and appreciates that "the Court took the time to identify, with specificity, what a renewed motion must contain." (ECF No. 45). The undersigned is also aware that the recent filing appears to be a blatant disregard of this Court's order. The undersigned did not take this Court's previous admonition lightly and recognizes that the Renewed Motion (ECF No. 44) "is nearly identical to the Original Motion" and "introduces new defects." (ECF No. 45). And based on what ultimately was filed, the Court understandably concluded that the filing constituted "a waste of the Court's limited judicial resources" and reflected "disregard for its Orders." *Id.* Undersigned counsel sincerely regrets that his inadvertent filing of an earlier draft created that appearance and caused the Court to expend additional judicial resources addressing deficiencies that counsel had, in fact, undertaken to correct in the version intended for filing.

14. To correct the record and ensure that the Court has before it the motion the Parties actually reviewed and intended to submit on November 10, 2026, undersigned counsel will separately file the corrected Renewed Motion attached hereto as Exhibit C. Undersigned counsel does not submit the corrected filing to minimize the error described above or to suggest that the filing of the incorrect version should be disregarded. Rather, the corrected filing is intended to place on the docket the version that the Parties had jointly reviewed and intended to file and to accurately reflect the revisions undertaken in response to the Court's November 3 Order.

Dated: November 13, 2026.

Respectfully submitted,

*/s/ Jose J. Carmenate*
**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581
jperez@admiral-law.com
**JOSE J. CARMENATE**
Florida Bar No.: 1079371

jcarmenate@admiral-law.com
HORR, SKIPP & PEREZ, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland
Boulevard Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***

______________________________

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Jose J. Carmenate*
**JOSE J. CARMENATE**
Florida Bar No.: 1079371

## SERVICE LIST

**David W. Singer**
(FL Bar No. 306215)
dsingeresq@aol.com
**Michael A. Hoffman**

**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581
jperez@admiral-law.com
**JOSE J. CARMENATE**

(FL Bar No. 89549)
MAHoffman@1800askfree.com
litigation@1800askfree.com
ndvorak@1800askfree.com
**David W. Singer & Associates, PA**
1011 South Federal Highway
Hollywood, FL 33020
Telephone: (954) 920-1571
***Attorneys for Plaintiff***

Florida Bar No.: 1079371
**jcarmenate@admiral-law.com**
**HORR, SKIPP & PEREZ, P.A.**
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***