# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:26-cv-21552-KMM

BELLA ZAHAVI,

Plaintiff,

vs.

PRINCESS CRUISE LINES, LTD.,

Defendant.
_______________________________________/

**JOINT MOTION ~~TO MODIFY SCHEDULING ORDER FOR THE LIMITED PURPOSE OF COMPLETING~~TO CONTINUE TRIAL AND MODIFY SCHEDULING ORDER TO COMPLETE THE VESSEL INSPECTION, RELATED DISCOVERY, AND EXPERT DISCLOSURES**

Plaintiff, BELLA ZAHAVI, and Defendant, PRINCESS CRUISE LINES, LTD. (collectively, the "Parties"), pursuant to Federal Rules of Civil Procedure ~~6(b)(1)(A) and 16(b)(4)~~6(b)(1)(A), 6(b)(1)(B), and 16(b)(4), jointly move to continue the trial set in the Court's Order Setting Trial [ECF No. 13] and to modify the deadlines set forth in the Court's Paperless Order [ECF No. 35] ~~for the limited purpose of completing~~to permit completion of the vessel inspection, related discovery, and expert disclosures. In support, the Parties state as follows:

**BACKGROUND**

1. This action arises from Plaintiff's alleged slip and fall on the open Lido Deck (Deck 15) of the Emerald Princess near Neptune's Reef & Pool on March 14, 2025.

2. On May 8, 2026, the Court entered its Order Setting Trial, setting this matter for the two-week trial period beginning February 8, 2027. [ECF No. 13].

3. On September 17, 2026, the Parties jointly moved to extend certain pretrial deadlines and advised the Court that the vessel inspection had not yet been scheduled. [ECF No. 34]. On September 18, 2026, the Court granted the motion and extended expert disclosures to November 2, 2026, discovery to November 30, 2026, and dispositive and Daubert motions to December 18, 2026. [ECF No. 35]. Additionally, the deadline for the Parties to complete mediation is December 20, 2026. [ECF No. 40].

4. The Parties continue to conduct material fact discovery. On November 9, 2026, the Parties agreed to conduct Plaintiff's continued deposition on December 3, 2026, and the deposition of Plaintiff's husband, Gershon Zahavi, on December 8, 2026. Both depositions necessarily fall after the current November 30, 2026, discovery deadline because Gershon Zahavi is undergoing two planned eye procedures during consecutive weeks in November, will be unable to drive while he recovers, and neither he nor Plaintiff is available to travel from their residence in West Palm Beach to ~~Plaintiff's counsel's office in Miami for~~Plaintiff's counsel's office for their depositions before December 3 and December 8, respectively.

5. Defendant acknowledges that it did not provide proposed dates for the vessel inspection by September 25, 2026, as contemplated at the September 17, 2026, discovery status conference. Undersigned counsel subsequently assumed responsibility for this matter and, based upon his review of the record presently available to him, cannot provide the Court with an explanation for why proposed dates were not provided by September 25. Upon assuming responsibility for the matter, however, undersigned counsel took steps to complete the outstanding vessel inspection. On November 2, 2026, the undersigned contacted Plaintiff's counsel regarding available dates for the inspection. Plaintiff's counsel identified November 8 and November 24, 2026 as dates on which the *Emerald Princess* would be in Los Angeles, and the Parties thereafter coordinated their respective experts' availability. On November 3, 2026, the Parties agreed to

conduct the vessel inspection on November 24, 2026, and Defendant's liability expert confirmed his availability to attend the inspection.

6. Defendant likewise acknowledges that it did not provide the availability of its Rule 30(b)(6) representative by September 25, 2026. Based upon his review of the record presently available to him, undersigned counsel cannot provide the Court with an explanation for why that availability was not provided by September 25. The record reflects, however, that subsequent efforts were made to schedule the deposition. On October 26, 2026, Defendant requested proposed dates for the deposition, and on October 28, 2026, Defendant contacted Princess concerning availability on November 23, December 8, or December 9, 2026. No firm date has yet been secured. Undersigned counsel is actively coordinating with Princess to obtain its corporate representative's availability and will promptly provide that availability to Plaintiff upon receipt.

7. Plaintiff was initially deposed on October 15, 2026, and her continued deposition was thereafter scheduled for November 3, 2026. The November 3 continuation was subsequently cancelled on November 2, 2026. On November 9, 2026, the Parties agreed to conduct Plaintiff's continued deposition on December 3, 2026. Plaintiff and her husband reside in West Palm Beach, Florida, and ~~will travel to Miami to appear~~will travel to appear for their respective depositions at Plaintiff's counsel's office. Plaintiff's husband, Gershon Zahavi, is undergoing eye surgery on one eye this week and on the other eye the following week. Because Gershon Zahavi will be unable to drive while recovering from those procedures, Plaintiff and her husband have advised that they are ~~unavailable to travel to Miami for~~unavailable to travel for their depositions before the presently scheduled dates. Accordingly, Plaintiff's continued deposition is scheduled for the earliest date on which she is available, December 3, 2026.

8. The Parties have likewise taken steps to schedule the deposition of Plaintiff's husband, Gershon Zahavi. His deposition previously had been scheduled for November 3, 2026, after Plaintiff's counsel advised that an earlier October 28 date presented a conflict. Defendant

thereafter attempted to preserve the November 3 deposition by proposing that it begin earlier that day or, alternatively, occur on November 2. The deposition was subsequently rescheduled because of Gershon Zahavi's availability and planned medical procedures. Gershon Zahavi is undergoing eye surgery on one eye this week and on the other eye the following week and will be unable to drive until he recovers. Because Plaintiff and Gershon Zahavi reside in West Palm Beach and ~~will travel to Miami for their depositions~~will travel for their depositions at Plaintiff's counsel's office, they have advised that neither is available to appear before December 3 and December 8, respectively. On November 9, 2026, the Parties therefore agreed to conduct Plaintiff's continued deposition on December 3 and Gershon Zahavi's deposition on December 8.

9. Defendant served its expert disclosures on November 4, 2026. Defendant's liability expert will participate in the November 24 vessel inspection. To the extent Defendant's liability expert supplements or refines his opinions based upon observations made during that inspection, Defendant requires sufficient time following the inspection to complete any appropriate supplemental disclosure.

10. The Parties have also continued to coordinate regarding Defendant's supplemental written discovery responses. Undersigned counsel has been reviewing the outstanding discovery issues and coordinating with Defendant to obtain the information and documents necessary to supplement its prior responses. Defendant is in the process of providing supplemental discovery responses and responsive materials to Plaintiff's counsel and will continue to work with Plaintiff's counsel to address any remaining issues. These efforts constitute additional material fact discovery that remains ongoing as the Parties work to complete discovery.

11. Defendant's medical expert, Dr. Stephen Miller, conducted his compulsory medical examination of Plaintiff on October 6, 2026. Although Dr. Miller completed an initial report, Defendant received additional medical records during the final week of October that required his review in connection with an addendum to that report. On October 30, 2026, Dr. Miller advised

Defendant that he required until November 16, 2026, to review those additional records and complete his addendum. Accordingly, although Defendant has served its expert disclosures, additional expert work remains outstanding because of information obtained shortly before the November 2 expert-disclosure deadline.

12. Plaintiff has represented that her liability expert requires an inspection of the subject walking surface aboard the *Emerald Princess* before completing his or her opinions and report. Because the vessel inspection had not occurred by the November 2, 2026, expert-disclosure deadline, Plaintiff was unable to complete that liability expert disclosure by the deadline. The inspection is now scheduled for November 24, 2026. Plaintiff's inability to do so resulted directly from the circumstances described in Paragraph 5: the inspection had not been scheduled because Defendant did not provide proposed inspection dates by September 25, 2026. To the extent Rule 6(b)(1)(B) governs the request to extend the expired November 2, 2026, deadline, Plaintiff's failure to serve her liability expert disclosure by that date resulted from excusable neglect: the cause of the delay was outside Plaintiff's control, the requested extension is brief, and Defendant, which served its own expert disclosures on November 4, 2026, will suffer no prejudice. Defendant does not object to Plaintiff serving her expert disclosures by the proposed deadline set forth below.

~~13. In addition to completing the remaining discovery and coordinating mediation, the Parties are actively engaged in settlement discussions in an effort to resolve this matter amicably without the need for further litigation and trial. Those discussions are ongoing. The Parties nevertheless continue to proceed with the outstanding discovery, expert work, mediation, and other pretrial obligations while exploring the possibility of a negotiated resolution.~~

~~14.~~13. The Parties also continue to pursue mediation and potential resolution of this action. The Parties previously selected Robert Kirk as mediator and scheduled mediation for December 14, 2026. That mediation was subsequently cancelled because undersigned counsel became unavailable to attend due to a trial scheduled in another matter. The Parties remain committed to

mediating this action before Mr. Kirk and have identified December 11 in the afternoon, December 14, and December 16, 2026, as dates on which he is available. The Parties are presently conferring regarding a mutually available date. In addition, the Parties are actively engaged in settlement discussions in an effort to resolve this matter amicably without the need for further litigation and trial. Notwithstanding those discussions, the Parties continue to proceed with the remaining discovery, expert work, mediation, and other pretrial obligations while exploring the possibility of a negotiated resolution.

~~15.~~14. Further, the attorneys responsible for the defense of this matter have undergone significant transitions since the September 17, 2026, discovery status conference. As undersigned counsel was joining Horr, Skipp & Perez, P.A. and assuming responsibility for this matter, the associate previously assigned to the matter, Jake Ceballo, was transitioning out of the firm and subsequently departed on October 16, 2026. Undersigned counsel thereafter assumed responsibility for coordinating the outstanding discovery, including the vessel inspection and Defendant's Rule 30(b)(6) deposition. In addition, on October 14, 2026, lead defense counsel, Juan Carlos Perez, was required to travel to Tallahassee for an interview in connection with a potential judicial appointment and was therefore out of the office. On November 4, 2026, Governor Ron DeSantis appointed Mr. Perez to the bench. Mr. Perez is scheduled to assume judicial office during the first week of January 2027 and, upon taking the oath of office, must cease the practice of law. Accordingly, undersigned counsel has assumed responsibility for completing the outstanding discovery, expert work, and pretrial proceedings on Defendant's behalf. Defendant does not rely upon these changes in counsel, standing alone, as establishing good cause to modify the scheduling order, but identifies them to provide the Court with a complete chronology of the circumstances affecting the defense of this matter since the September 17, 2026, discovery status conference.

~~16.~~15. These outstanding matters necessarily affect the subsequent pretrial deadlines. The Parties should have a reasonable opportunity to complete material fact and expert discovery before preparing dispositive and *Daubert* motions and should likewise have the benefit of a sufficiently developed record before mediation. A corresponding continuance of the trial date will provide adequate time for briefing and resolution of those motions and for completion of the remaining pretrial proceedings.

16. Plaintiff's liability expert should also have the benefit of the testimony of Defendant's Rule 30(b)(6) corporate representative and Defendant's supplemental discovery responses before finalizing his or her opinions. Accordingly, should Defendant's Rule 30(b)(6) deposition or supplemental production occur after the expert-disclosure deadline, the Parties request that any Party be permitted to supplement its expert disclosures within fourteen (14) days thereafter. The Parties further request that the Court set a deadline for rebuttal expert disclosures, as reflected below.

17. Accordingly, the Parties respectfully request that the trial be continued from the two-week trial period beginning February 8, 2027, to the two-week trial period beginning May 10, 2027, or to the next trial period convenient for the Court, and that the remaining pretrial deadlines be ~~extended accordingly.~~reset as set forth below.

18. The Parties request that the scheduling order be modified as follows:

| **Deadline** | **Current** | **Proposed** |
|---|---|---|
| Rule 26(a)(2) expert disclosures | Mon., Nov. 2, 2026 | ~~Mon., Dec. 7, 2026~~Fri., Jan. 8, 2027 |
| Close of fact discovery | Mon., Nov. 30, 2026 | ~~Fri., Dec. 11, 2026~~Fri., Dec. 18, 2026 |
| Rebuttal expert disclosures | None | Fri., Jan. 22, 2027 |

| Deadline | Current | Proposed |
|---|---|---|
| Close of expert discovery | Mon., Nov. 30, 2026 | ~~Fri., Dec. 18, 2026~~Fri., Feb. 12, 2027 |
| Dispositive, *Daubert*, and in limine motions | Fri., Dec. 18, 2026 | ~~Wed., Dec. 23, 2026~~Fri., Feb. 26, 2027 |
| Responses (14 days) | Mon., Jan. 4, 2027 | ~~Wed., Jan. 6, 2027~~Fri., Mar. 12, 2027 |
| Replies (7 days) | Mon., Jan. 11, 2027 | ~~Wed., Jan. 13, 2027~~Fri., Mar. 19, 2027 |
| Mediation | Sun., Dec. 20, 2026 | Unchanged |
| Pretrial stipulation | Thu., Jan. 21, 2027 | ~~Unchanged~~Thu., Apr. 22, 2027 |
| Final pretrial conference | Tue., Jan. 26, 2027 | ~~Unchanged~~Tue., Apr. 27, 2027 |
| Proposed jury instructions | Mon., Feb. 1, 2027 | ~~Unchanged~~Mon., May 3, 2027 |
| Calendar call | Thu., Feb. 4, 2027 | ~~Unchanged~~Thu., May 6, 2027 |
| Trial period | Mon., Feb. 8, 2027 | ~~Unchanged~~Mon., May 10, 2027 |

19. The requested extensions are sought in good faith, and will not prejudice either Party.

**WHEREFORE**, the Parties respectfully request that the Court enter an Order granting this Joint Motion, continue the trial to the two-week trial period beginning May 10, 2027, or to the next trial period convenient for the Court, and modify the deadlines in the Court's Paperless Order [ECF No. 35] as set forth above, together with such further relief as the Court deems just and proper.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), counsel for Defendant conferred in good faith with counsel for Plaintiff ~~on October 30, 2026.~~on October 30, 2026, and November 10, 2026. Plaintiff agrees to the requested relief and joins in this Motion.

Dated: .

Respectfully submitted,

*/s/ Juan C. Perez, Jr*
**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581
jperez@admiral-law.com
**JOSE J. CARMENATE**
Florida Bar No.: 1079371
jcarmenate@admiral-law.com
HORR, SKIPP & PEREZ, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***

*/s/ Michael A. Hoffman*
**MICHAEL A. HOFFMAN**
Florida Bar No.: 89549
MAHoffman@1800askfree.com
DAVID W. SINGER & ASSOCIATES, P.A.
1011 South Federal Highway
Hollywood, FL 33020
Telephone: (954) 920-1571
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on November 13, 2026, the foregoing document is being served this day, via email, on all counsel of record or pro se parties identified on the attached Service List.

*/s/ Jose J. Carmenate*
**JOSE J. CARMENATE**
Florida Bar No.: 1079371

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Jose J. Carmenate*
**JOSE J. CARMENATE**
Florida Bar No.: 1079371

## SERVICE LIST

**David W. Singer**
(FL Bar No. 306215)
dsingeresq@aol.com
**Michael A. Hoffman**
(FL Bar No. 89549)
MAHoffman@1800askfree.com
litigation@1800askfree.com
ndvorak@1800askfree.com
**David W. Singer & Associates, PA**
1011 South Federal Highway
Hollywood, FL 33020
Telephone: (954) 920-1571
***Attorneys for Plaintiff***

**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
**JOSE J. CARMENATE**
Florida Bar No.: 1079371
**jcarmenate@admiral-law.com**
**HORR, SKIPP & PEREZ, P.A.**
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***